(9 Misc. Rep. 214.)

### BIDWELL et al. v. SHAW et al.

(City Court of New York, General Term.    June 20, 1894.)

PLEADING—ANSWER—SUFFICIENCY ON DEMURRER.
    Where the answer in an action by a seller against the buyer for breach of contract of sale sets up a counterclaim for damages by reason of plaintiff's failure to deliver the goods, it is sufficient on demurrer, and a more specific statement of the nature of the counterclaim can only be obtained by a bill of particulars.

Appeal from special term.

Action by Charles E. Bidwell and others against Daniel E. Shaw and others. From two orders overruling demurrers, and from an interlocutory judgment entered thereon, plaintiffs appeal. Affirmed.

Argued before NEWBURGER and CONLAN, JJ.

Norwood & Dilly, for appellants.

Francis A. Wilson, for respondents.

CONLAN, J.   This is an appeal from one interlocutory judgment entered upon an order overruling two demurrers to counterclaims set up in the answer herein.

The complaint alleges a contract in writing between plaintiffs and defendants to the effect that defendants were to receive at a fixed price a certain quantity of gambier to be shipped at Singapore during the months of April, May, June, July, and August, 1893, per sailing vessel, to the port of New York,—"no arrival, no sale." The complaint further alleges the arrival of the gambier as provided for in the contract, the refusal of the defendants to receive or accept the same after notice and tender by the plaintiffs, and demands judgment for damages sustained in labor, endurance, brokerage, storage, interest, etc., growing out of said refusal to perform on the part of the defendants.   The answer of the defendants admits the contract and the arrival of the gambier, and alleges a willingness on their part to perform the contract according to its terms.   Further answering, and by way of counterclaim, they allege a refusal on the part of the plaintiffs to perform their part of the contract by a delivery or an offer to deliver the merchandise contracted for, and claim damages generally therefor.   Plaintiffs demur to said counterclaims on the ground that they do not state sufficient facts to constitute a cause of action.   In this we think the plaintiffs are in error.   The breach of the contract by the plaintiffs, if established, is sufficient in itself to entitle the defendants to damages, but the nature, character, or measure of damages to which the defendants may be entitled is for the court and jury at trial term.   If the plaintiffs desire to be more specifically advised as to the nature of defendants' claim for damages, they may move for a bill of the particular items composing such claim, but their remedy is not by demurrer.   The order of June 11th, overruling the demurrers and the interlocutory judgment thereon, should be affirmed, with costs.